IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RONALD SATISH EMRIT | * | |
| Plaintiff | * | |
| v | * | Civil Action No. GJH-17-2715 |
| UNIVERSITY OF MARYLAND MIDTOWN CAMPUS | * | |
| Defendant | * | |

***********************************************************

| | | |
|---|---|---|
| RONALD SATISH EMRIT | * | |
| Plaintiff | * | |
| v | * | Civil Action No. GJH-17-2762 |
| UNIVERSITY OF MARYLAND MIDTOWN CAMPUS | * | |
| Defendant | * | |

***

## MEMORANDUM OPINION

The above-captioned cases are identical in claims asserted and the relief sought. The latter-filed complaint was transferred to this Court from the United States District Court for the Southern District of West Virginia on September 18, 2017. *See* Civil Action GJH-17-2762 at ECF 6. The complaints are identical and the cases shall be consolidated for all purposes. Because he appears to be indigent, Plaintiff's Motion to Proceed in Forma Pauperis shall be granted. For the reasons stated below, the complaint must be dismissed and the consolidated cases closed.

Plaintiff states that in May of 2017, he was admitted to the University of Maryland Hospital for treatment of suicidal ideation. ECF 1 at p. 3. He was diagnosed with Type II diabetes during his stay and was informed that his viral load for Hepatitis C is zero. *Id*. Plaintiff states that he filed "at least one lawsuit against the NIH, CDC, FDA, and the U.S. Department of

Health and Human Services" because they failed to help Plaintiff with a cure for his Hepatitis C. *Id.* He claims that in the summer of 2017, after his Type II diabetes diagnosis in Maryland, he was told by medical staff at St. Rose San Martin Dominican Hospital in Las Vegas, Nevada, that his blood sugar "was just fine" and that he did not need a prescription for metformin to treat his diabetes or for Lisinopril to treat his high blood pressure. *Id.* at p. 4.

Plaintiff claims that the diagnosis he received at University of Maryland Hospital was negated by the subsequent evaluation in Nevada. He states that the diagnosis caused him to suffer emotional distress due to the fact he had recently cured himself of Hepatitis C and claims that "the doctors and nurses at University of Maryland should have exercised a 'higher standard of care' before actually diagnosing the plaintiff with Type II diabetes and high blood pressure" because of his history with Hepatitis C. *Id.* He seeks $250,000 in damages for intentional infliction of emotional distress and negligence. *Id.* at p. 5.

Plaintiff filed both complaints in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this Court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). This Court is mindful, however, of its obligation to liberally construe self-represented pleadings, such as the instant complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a complaint, the factual allegations are assumed to be true. *Id.* at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th

Cir. 1985) (stating a district court may not "conjure up questions never squarely presented."). In making this determination, "[t]he district court need not look beyond the complaint's allegations . [but] it must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White*, 886 F. 2d 721, 722-723 (4th Cir. 1989).

Although a complaint need not contain detailed allegations, the facts alleged must be enough to raise a right to relief above the speculative level and require "more than labels and conclusions," as "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id.* at 561.

To the extent Plaintiff is attempting to allege a medical malpractice claim, the complaint does not state a federal cause of action. A state law claim of medical malpractice may be filed in this Court if diversity jurisdiction requirements are satisfied. Under the "well-pleaded complaint" rule, the facts showing the existence of subject matter jurisdiction "must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir.1999) (citing *McNutt v. Gen'l Motors Acceptance Corp.*, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936)). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir.2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)). Moreover, the "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*,

609 F.3d 359, 362 (4th Cir.2010); accord *Hertz*, 130 S.Ct. at 1194; *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir.2010). Diversity jurisdiction applies "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). "From the beginning of the diversity jurisdiction, the rule in actions commenced by plaintiffs in federal court has been that the citizenship of the parties at the time of commencement of the action determines whether the requisite diversity exists." *Rowland v. Patterson*, 882 F.2d 97, 98 (4th Cir.1989). In *Athena Automotive, Inc. v. DiGregorio*, 166 F.3d 288, 290 (4th Cir.1999), the Court explained: "Because diversity jurisdiction depends on the citizenship status of the parties at the time an action commences, we must focus our jurisdictional inquiry solely on that time." It is clear that both Plaintiff and Defendant are citizens of Maryland. *See* ECF 1 at p. 6 (Plaintiff's address listed as Bowie, Md).

Accordingly, by separate Order which follows, the complaint shall be dismissed without prejudice for lack of jurisdiction and the consolidated cases closed.

10/11/2017
Date

GEORGE J. HAZEL
UNITED STATES DISTRICT JUDGE